# THE PREROGATIVE COURT

OF

## THE STATE OF NEW JERSEY.

### FEBRUARY TERM, 1907.

WILLIAM J. MAGIE, ORDINARY.
JAMES J. BERGEN, VICE-ORDINARY.

---

In the matter of the estate of ISAAC R. VREELAND, deceased.

[Decided February 27th, 1907.]

A will construed and *held* not to give to the testator's son, as life tenant, by implication, the rents of a certain tract of land.

---

On appeal from Bergen county orphans court.

*Mr. Raymond P. Wortendyke* and *Mr. Robert L. Lawrence,* for the appellants.

*Mr. Milton Demarest,* for the respondents.

BERGEN, VICE-ORDINARY.

The seventh paragraph of the last will of Isaac R. Vreeland, deceased, reads in part as follows: "Upon the decease of my son, John Vreeland, I give and devise to my granddaughter, Mary Vreeland, her heirs and assigns forever," a tract of land particularly described in the paragraph.

Since the probate of the will the executors named therein have collected the rents, issues and profits arising from this land, and in an intermediate account of their dealings with the estate have charged themselves therewith as a part of the general funds in their hands. To this appropriation of such rents testator's son, John, has filed an exception, claiming that he is entitled to the rents as life tenant, not by express gift, but by implication. The orphans court determined that a life estate could not be implied, and, from its decree so adjudging, this appeal was taken. The testimony heard by the orphans court has not been brought here as a part of the record, and the case has been submitted upon the will alone. As the estate set up must be implied from the intent of the testator, to ascertain which the entire will must be considered, a brief analysis of a part of it is required.

The sixth item devises to John Vreeland, a son, a life estate in a part of testator's lands particularly described, with remainder to Isaac R. Vreeland, Jr., a grandson, and directs that the executors shall, during the life estate, "keep all the buildings on said land in repair, and pay all taxes and assessments thereon out of the income arising from my estate." Item eight empowers the executors, should John cease to occupy the lands, to take control thereof, and "apply all income arising therefrom in the manner directed by me in the following item of this my will." By the ninth item the testator gave and devised "all my other estate, both real and personal, of which I may die seized or possessed or be entitled to, to my executors" upon certain trusts, viz.: To manage, control and invest; to receive the rents, issues and profits; to keep the buildings in repair and insured, and from the income to make certain payments to wit: To the grandson, Isaac, $300 a year; to Mary Vreeland, a granddaughter, $100 a year during the lifetime of his son, John; to Anna A. Dourman $300 a year during her life; to expend for the support of his son,

John, and his family, during John's life, a sum not exceeding
$1,200 a year. By item ten the testator gave at the death of his
son, John, all of his "estate then remaining, and all accumula-
tions thereof" to the children of his son, John. Item twelve con-
fers upon the executors a power of sale as to all of testator's real
estate, except the tracts described in items five, six and seven.

Where implications are allowed to raise an estate, they must
be necessary to carry out the testator's intentions; conjectural or
possible implications are not sufficient, and a necessary implica-
tion should be of such a character as to indicate "so strong a
probability of intention, that an intention contrary to it, which
is imputed to a testator, cannot be supposed." *Rop. Leg. 81;
McCoury's Executors* v. *Leek, 14 N. J. Eq.* (*1 McCart.*) *70.*

The appellants insist that under paragraph seven the testator
intended to give to his son, John, a life estate in the lands de-
scribed in that paragraph, with remainder to his granddaughter,
Mary Vreeland, and that no other intention than that which
they impute to the testator can be supposed, otherwise the testator
died intestate as to a portion of his estate in the lands mentioned
in item seven, he not having, as they argue, made any disposition
of the estate remaining therein prior to the gift to Mary Vree-
land, which was not to vest until after the death of John.

The difficulty with the argument of the appellant is that it is
founded upon a false premise, for by the ninth section of this
will the testator devised to his executors in trust all "my other
estate, both real and personal, of which I may die seized or
possessed, or be entitled to." This language is sufficiently broad
to cover all of testator's estate, including all interest therein not
theretofore disposed of, and would include the lands mentioned
in item seven, subject to the gift to Mary Vreeland, to take effect
after the death of John, and a clause of this nature will, by dis-
posing of such intermediate estate, and thereby intercepting the
descent to the heir, clearly exclude all ground for implication.
*2 Jarm. Wills 121.* Nor am I able to perceive, after an examina-
tion of all of the provisions of this will, any contrary intention
indicated by the testator. In the next preceding section of his
will he has expressly given to John a life estate in the lands
devised by it, and if he intended to confer upon John a life estate

in the lands devised by item seven, he would naturally have followed the express language used in item six; on the contrary, he makes no disposition in section seven of any interest in the land devised by it until after the death of John, and with the prior estate remaining, after the gift to Mary, yet undisposed of, he, in item nine, devises the residue of his estate to his executors in trust. The executors were to hold the estate, not otherwise disposed of, and apply a part of the income towards the support of John and his family during his life, and in my opinion it was the plain intention of the testator that his executors and trustees should take the income from the lands given to Mary, which might accrue during the life of John, and apply it to the carrying out of the trusts established by the ninth paragraph.

My conclusion is that the testator did not leave any estate in the lands in question undisposed of, and that we are not justified in raising, by implication, a life estate in the appellant.

The decree below will be affirmed, with costs.